**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 18 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MELINDA FRIEND; JOHN NHIEU; ROBERT HIGAREDA; BILLY HART, on behalf of themselves, and on behalf of all others similarly situated, <br><br> Plaintiffs - Appellants, <br><br> v. <br><br> HERTZ CORPORATION, <br><br> Defendant - Appellee. | No. 11-16195 <br><br> D.C. No. 3:07-cv-05222-MMC <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Maxine M. Chesney, Senior District Judge, Presiding

Argued and Submitted March 10, 2014
San Francisco, California

Before: WALLACE, McKEOWN, and GOULD, Circuit Judges.

Plaintiffs-Appellants appeal from the district court's denial of their motion

for class certification under Federal Rule of Civil Procedure 23(b)(3). We have

jurisdiction under 28 U.S.C. § 1292(e) after granting permission for an

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

interlocutory appeal of the class certification order under Federal Rule of Civil Procedure 23(f), and we affirm.

We review a district court's order denying class certification for abuse of discretion, which can occur when a district court "omits a substantial factor" from its analysis, *Abdullah v. U.S. Sec. Associates, Inc.*, 731 F.3d 952, 956 (9th Cir. 2013), or "rel[ies] on [one factor] to the near exclusion of other factors relevant to the predominance inquiry," *In re Wells Fargo Home Mortg. Overtime Pay Litigation*, 571 F.3d 953, 959 (9th Cir. 2009).

The district court performed a complete and thorough analysis of the relevant facts in this case. To the extent that the district court did not explicitly analyze or weigh certain corporate policies offered as evidence of the amenability of Plaintiffs-Appellants' claims to class-wide resolution, we conclude that there was no abuse of discretion because the district court held that Plaintiffs-Appellants had not shown that those policies actually controlled the day-to-day experiences of Hertz employees. Because Plaintiffs-Appellants' evidence did not bridge the gap between policy and practice, the district court need not subject the policy evidence to the level of rigorous analysis that we generally require. *Wells Fargo*, 731 F.3d at 958-59 (holding that uniform corporate policies "carry great weight for certification purposes" only where the policies "reflect the realities of the

2

workplace"); *Marlo v. UPS, Inc.*, 639 F.3d 942, 948 (9th Cir. 2011) (distinguishing evidence of common corporate policies from evidence that employees actually performed exempt activities).

Our precedent does not require a district court to make findings with respect to all evidence offered, but rather requires examination of all evidence that constitutes a "substantial factor" in the certification analysis. *Wells Fargo*, 731 F.3d at 957. The district court did so sufficiently here, and did not abuse its discretion by declining to certify the requested class.[1]

**AFFIRMED.**

---

[1] We do not reach in the first instance Plaintiffs-Appellants' request for certification of an issue class under Federal Rule of Civil Procedure 23(c)(4), as this issue was not presented to nor decided by the district court. The Rule 23(c)(4) claim is dismissed without prejudice to it being raised in the district court. *See, e.g.*, *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 987 (9th Cir. 2011) (vacating a grant of class certification but remanding for consideration of whether a different form of class action may be appropriate).